## Weyl v. Mt. Sinai Cemetery Association of Pennsylvania.

*Furth, Singer & Borton,* for plaintiff.

*Wolf, Block, Schorr & Solis-Cohen,* for defendant.

MARTIN, P. J., March 3, 1930.—A bill in equity was filed in this case, praying for a mandatory injunction ordering defendant to permit the burial of the body of plaintiff's wife in defendant's cemetery. It was proved that in her lifetime, and at the time of her death, she was of the Christian faith. The prayer of the bill was refused.

Sixteen exceptions were filed to the adjudication. All raise the question of plaintiff's right to bury the body of his wife in the lot owned by him in the cemetery of defendant.

The rights of the parties are to be determined by an interpretation of the charter provision of the defendant, which reads as follows: "The object of this corporation shall be to purchase and provide a proper and suitable place for a cemetery, to divide the same into lots, to sell and dispose of such lots to individuals, societies or congregations, to be used only for the interment of deceased human bodies of those who by birth, profession or public declaration shall have been of the Jewish faith, under such restrictions, rules and regulations as the board of officers may from time to time establish for the government of lot-holders, burial of the dead, and visitors to the cemetery."

The intent of the language employed in this charter is to restrict the use of the cemetery to those who were of the Jewish faith at the time of death. It is contended by plaintiff that to reach this conclusion the word "or" in the clause "who by birth, profession or public confession shall have been of the Jewish faith" must be read "and" instead of "or." A careful consideration of the testimony leads to the conclusion that the purpose for which the cemetery was established is the interment of bodies of those who were of the Jewish faith at the time of death, and that this is disclosed by a proper interpretation of the language of the charter.

The plaintiff purchased his lot in the cemetery subject to this restriction. It is admitted that his wife was not of the Jewish faith at the time of her death. He cannot insist upon burying her body in defendant's cemetery.

By-laws passed by the defendant association subsequently to the purchase of the lot by plaintiff cannot affect his property rights; nor did a statement submitted to him by the association which he refused to sign; but his refusal to certify that his wife was of the Jewish faith at the time of her death was evidence that he had knowledge of the fact.

The exceptions should be dismissed, and a final decree entered in accordance with the adjudication.

### Final decree.

And now, March 3, 1930, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. The sixteen exceptions to the adjudication filed by plaintiff are dismissed.

2. The prayer of the bill for a mandatory injunction to compel defendant to permit plaintiff to bury the body of his wife in the cemetery of defendant is refused.

3. The bill is dismissed, at the cost of plaintiff.

4. The prothonotary is directed to give notice to the parties, or their counsel of record, of the filing of this final decree.

NOTE.—See Weyl *v.* Mt. Sinai Cemetery Ass'n, 12 D. & C. 439.